UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CANDLER, | No. 2:17-cv-23-JAM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PRATHER, et al., | |
| Defendants. | |

Plaintiff is a California Department of Corrections and Rehabilitation ("CDCR") inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. He filed this action on January 5, 2017. ECF No. 1. On April 26, 2018, the court determined that plaintiff's complaint alleged potentially cognizable excessive force claims against defendants Prather and Romney. ECF No. 9. Defendant Romney has filed a motion for summary judgment wherein he argues that plaintiff failed to exhaust administrative remedies with respect to the claim against him. ECF No. 20.

After review of the pleadings and, for the reasons discussed below, the court concludes that plaintiff failed to administratively exhaust his claim against Romney.

/////
/////
/////

## Legal Standards

### A. Summary Judgment

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National*

*Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

3

for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

B. <u>Administrative Exhaustion</u>

The Prison Litigation Reform Act of 1995 (hereafter "PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), but a prisoner is only required to exhaust those remedies which are "available." *See Booth v. Churner*, 532 U.S. 731, 736 (2001). "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)) (internal quotations omitted).

Dismissal for failure to exhaust should generally be brought and determined by way of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id.* at

1168. Under this rubric, the defendant bears the burden of demonstrating that administrative remedies were available and that the plaintiff did not exhaust those remedies. *Id.* at 1172. If defendant carries this burden, then plaintiff must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* If, however, "a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Id.* at 1166.

Analysis

On March 4, 2016, plaintiff was involved in a fight on the California State Prison – Sacramento yard. ECF No. 1 at 6. Officers responded to the incident by deploying pepper spray and "OC grenades." *Id.* Plaintiff claims that he was covered in pepper spray, which caused his eyes to burn and his body to suffer other, unspecified wounds. *Id.* After the fight, officers allegedly denied plaintiff's requests for quick decontamination and, instead, conducted a search of his person. *Id.* at 7.

Plaintiff exhausted one grievance – log number SAC-16-01099 - relevant to the foregoing incident. ECF No. 20-5 at 5. The grievance does not specifically identify any correctional officers. ECF No. 20-4 at 20. Instead, he alleged that he was "maced" on March 4, 2016 and "[t]he correction officials took extremely long to decontaminate [him]." *Id.* Defendant Prather's involvement was identified by the first level reviewer. *Id.* at 19. By contrast, Romney's involvement was never mentioned during the administrative appeals process – either by plaintiff or the reviewing officials. Thus, the sole question before the court is whether plaintiff's grievances sufficed to exhaust the excessive force claims against Romney.

The California Code of Regulations dictates that:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

5

Cal. Code Regs. tit. 15, § 3084.2(a)(3) (2016). And it is the prison's regulations that "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). A prisoner's failure to comply with grievance regulations do not preclude exhaustion, however, if prison officials decline to enforce a procedural bar and instead consider a grievance on its merits. *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016).

The court concludes that plaintiff has failed to exhaust his claims against Romney. First, the exception of *Reyes* does not apply here. The record provides no indication that prison officials actually considered Romney's conduct in the March 2016 incident despite plaintiff's failure to name him. Thus, the record cannot support a claim that prison officials declined to enforce the exhaustion requirement. Second, the brevity of plaintiff's grievance makes plain that, to the extent he did not know Romney's identity, he did not comply with the requirement that he provide available information which would assist the appeals coordinator in making a reasonable attempt to identify him. As noted *supra*, he simply alleged that unnamed correctional officers had taken too long to decontaminate him. He did not provide a physical description, a rank, or any other information from which a reviewing official might have identified Romney.[1]

The court recognizes that, in *Reyes*, the Ninth Circuit rejected defendants' argument that plaintiff's failure to name two individuals in his grievance precluded exhaustion of his claims against them. 810 F.3d at 658-59. The circumstances in *Reyes* are different from the case at bar, however. In that case, plaintiff made reference to the Pain Management Committee and alleged wrongdoing by its members. *Id.* at 659. The two unnamed individuals were part of that committee and thus, the *Reyes* court concluded, prison officials had full notice of the contours of his claim. *Id.* Nothing so specific was referenced in the grievance relevant to this case. An

---

[1] The court recognizes that, assuming the truth of plaintiff's allegations, he might have had difficulty discerning specifics about the officers involved from his observations after the spraying due to the pepper spray in his eyes. Plaintiff's potentially inhibited vision does nothing to mitigate the difficulty a reviewing official would have in identifying Romney from the grievance, however. To fit the circumstances of *Reyes* plaintiff's grievance, at a minimum, should have included some type of indirect identifying information that would assist the correctional officials in identifying the correctional staff who allegedly engaged in the actions for which plaintiff complains.

unadorned reference to "correctional officers" simply does not provide the same type of indirect identification contemplated by *Reyes*.[2]

Plaintiff raises a number of unconvincing arguments in his opposition. First, he argues that prison officials *did* waive the foregoing procedural requirement when they accepted and processed his grievance. ECF No. 25 at 6. This contention makes little sense, however, insofar as the deficient grievance was obviously accepted only with respect to those officers actually identified by reviewers. It cannot be the case that prison officials' success in identifying one relevant staff member exhausts plaintiff's claims against every other staff member he subsequently chooses to sue.

Second, plaintiff argues that he "told the appeals interviewer the names of staff involved." *Id.* at 7. Even if this is true, it does not excuse his failure to name Romney in his grievance as the regulations required. And prison officials clearly did not waive this procedural deficiency insofar as they did not subsequently refer to Romney at the second or third levels of review. Finally, as Romney points out, plaintiff did not name him in his requests for second or third level review. ECF No. 20-4 at 8, 14.

Third, plaintiff argues that he required assistance – due to his problems with writing - from prison officials in completing his appeal and did not receive it. ECF No. 25 at 6. This argument is unconvincing insofar as the requirement plaintiff failed to adhere to was not complex. Plaintiff – as evidenced by both the grievance he submitted and the filings in this case – is capable of writing. The only thing required of him was to either name Romney or provide sufficient information from which reviewing officials could reasonably identify him.[3]

---

[2] Clearly prison officials were, despite the lack of provided information, able to identify defendant Prather. It makes little sense, however, to extrapolate from this finding and conclude that they should have also identified Romney. The more logical assumption is that prison officials did their best to identify the relevant staff and could only determine that Prather was involved.

[3] Plaintiff does argue that he provided sufficient information to identify Romney, namely the date of the incident. ECF No. 25 at 7. But this was evidently not the case insofar as prison officials were only able to identify Prather based on the information he provided. Moreover, it is unclear that this subsection is even applicable insofar as plaintiff avers in his opposition that he *knew* the names of the staff members involved. *Id.* ("Plaintiff told the appeals interviewer the

Fourth, plaintiff argues that the grievance system was effectively unavailable to him. *Id.* at 8. His argument is so broad and shallow that it is difficult to meaningfully consider it. He points to the contention that each of the appeals he has filed within the CDCR has been denied at the third level of review. *Id.* The fact that some inmates have had their administrative grievances consistently denied – that is, considered and determined to be without merit - is insufficient to show that the grievance system totally precludes relief. An available remedy requires "the possibility of some relief for the action complained of . . . ." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Here, plaintiff has failed to show that there was no possibility of relief. Nothing in the record convincingly establishes that, if prison officials had determined that Prather (or Romney had he been named and investigated) acted wrongly, relief would have been unavailable to plaintiff.

## Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendant Romney's motion for summary judgment (ECF No. 20) be GRANTED; and

2. Plaintiff's claims against him be DISMISSED without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 8, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

names of staff involved . . .").