1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KEITH CANDLER,                              No.  2:17-cv-0023-JAM-EFB P

12                    Plaintiff,

13          v.                                    FINDINGS AND RECOMMENDATIONS

14    PRATHER, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  He alleges that defendant Prather[1] ("defendant") violated his Eighth Amendment

19    rights by exhibiting deliberate indifference toward his serious medical needs.  Defendant Prather,

20    the sole remaining defendant, has moved for summary judgment (ECF No. 34) and, therein,

21    argues that there is no evidence that he was deliberately indifferent to plaintiff's serious medical

22    needs.  Further, he contends that he is entitled to qualified immunity.  Plaintiff has filed an

23    opposition (ECF No. 40) and defendant has filed a reply (ECF No. 44).  For the reasons stated

24    hereafter, defendant's motion should be granted.

25    /////

26

27          [1] The other defendant served in this action – Romney – was previously granted summary
      judgment based on plaintiff's failure to exhaust administrative remedies against him.  ECF Nos.
28    28, 31.

                                                    1

BACKGROUND

Plaintiff alleges that, on March 4, 2016, he was attacked by another prisoner on the recreation yard at California State Prison – Sacramento and fought back in self-defense.  ECF No. 1 at 6.  Responding officers used "O.C. pepper spray" and, by the time the fight ended, plaintiff alleges that he was covered in chemical agents which caused both his eyes and the wounds sustained in the fight to burn.  *Id.*  Plaintiff was handcuffed and escorted to a sally-port where he was subjected to a "slow and painful" strip search by the defendant.  *Id.* at 7.  Afterwards, defendant escorted plaintiff to the medical clinic for a quick evaluation.  *Id.*  He claims he continued to show distress at this time and to ask for decontamination from the chemical agents.  *Id.*

After the medical evaluation, plaintiff was interrogated by defendant and another officer named Romney.  *Id.*  During this process, Romney photographed plaintiff's injuries from the fight.  *Id.* at 8.  Plaintiff claims that Romney quipped "[t]hat stuff burn [,] huh?" and laughed.  *Id.* at 7.

After the interrogation plaintiff was allegedly taken to a holding cage, where he began to yell for decontamination and kick at the cage.  *Id.* at 8.  After several more minutes, defendant escorted him to a shower for decontamination.  *Id.* at 9.  Plaintiff claims that, after the shower, he was escorted back to his holding cell without dry clothes and still wearing his boxers and socks which had chemical agents on them.  *Id.*

The amount of time that lapsed between the deployment of pepper spray and plaintiff's decontamination shower was approximately twenty minutes.  ECF No. 34-3 at 3, ¶ 17; 34-5 at 20 (Pl.'s Dep. at 65:6-18).[2]

---

[2] In his response to defendant's statement of undisputed material facts, plaintiff now claims that he lost track of time and could not say how long it took him to get a decontamination shower.  ECF No. 41 at 4, ¶17.  His deposition testimony clearly offers an estimate that it took twenty minutes to receive a shower, however.  ECF No. 34-5 at 20 (Pl.'s Dep. at 65:15-18) ("Q. . . . So what you meant there was it took 20 minutes for you to get a shower, is that right?  A. Approximately 20 minutes to get a shower, I would say that.").

The U.S. Court of Appeals for the Ninth Circuit has held that declarations that contradict prior deposition testimony do not create genuine issues of material fact for the purposes of

1

LEGAL STANDARDS

2

I.    <u>Summary Judgment Standard</u>

3   Summary judgment is appropriate when there is "no genuine dispute as to any material

4   fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary

5   judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant

6   to the determination of the issues in the case, or in which there is insufficient evidence for a jury

7   to determine those facts in favor of the nonmovant.  *Crawford-El v. Britton*, 523 U.S. 574, 600

8   (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v.*

9   *U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment

10  motion asks whether the evidence presents a sufficient disagreement to require submission to a

11  jury.

12  The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims

13  or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to

14  "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

15  trial.'"  *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R.

16  Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally, under summary

17  judgment practice, the moving party bears the initial responsibility of presenting the basis for its

18  motion and identifying those portions of the record, together with affidavits, if any, that it

19  believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323;

20  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving party meets

21  its burden with a properly supported motion, the burden then shifts to the opposing party to

22  present specific facts that show there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Anderson,*

23  477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

24  A clear focus on where the burden of proof lies as to the factual issue in question is crucial

25  to summary judgment procedures.  Depending on which party bears that burden, the party seeking

26  summary judgment does not necessarily need to submit any evidence of its own.  When the

27  ───────────────

28  summary judgment.  *See, e.g.*, *Radobenko v. Automated Equipment Corp.,* 520 F.2d 540, 544 (9th
Cir. 1975).

1   opposing party would have the burden of proof on a dispositive issue at trial, the moving party

2   need not produce evidence which negates the opponent's claim.  *See, e.g., Lujan v. National*

3   *Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters

4   which demonstrate the absence of a genuine material factual issue.  *See Celotex*, 477 U.S. at 323-

5   24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a

6   summary judgment motion may properly be made in reliance solely on the 'pleadings,

7   depositions, answers to interrogatories, and admissions on file.'").  Indeed, summary judgment

8   should be entered, after adequate time for discovery and upon motion, against a party who fails to

9   make a showing sufficient to establish the existence of an element essential to that party's case,

10   and on which that party will bear the burden of proof at trial.  *See id.* at 322.  In such a

11   circumstance, summary judgment must be granted, "so long as whatever is before the district

12   court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is

13   satisfied."  *Id.* at 323.

14         To defeat summary judgment the opposing party must establish a genuine dispute as to a

15   material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s) that

16   is material, i.e., one that makes a difference in the outcome of the case.  *Anderson*, 477 U.S. at

17   248 ("Only disputes over facts that might affect the outcome of the suit under the governing law

18   will properly preclude the entry of summary judgment.").  Whether a factual dispute is material is

19   determined by the substantive law applicable for the claim in question.  *Id.*  If the opposing party

20   is unable to produce evidence sufficient to establish a required element of its claim that party fails

21   in opposing summary judgment.  "[A] complete failure of proof concerning an essential element

22   of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S.

23   at 322.

24         Second, the dispute must be genuine.  In determining whether a factual dispute is genuine

25   the court must again focus on which party bears the burden of proof on the factual issue in

26   question.  Where the party opposing summary judgment would bear the burden of proof at trial on

27   the factual issue in dispute, that party must produce evidence sufficient to support its factual

28   claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented."  *Anderson*, 477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility.  It believes the opposing party's evidence, and draws inferences most favorably for the opposing party.  *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences.  *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts at issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted).  In that case, the court must grant summary judgment.

## II.   Deliberate Indifference to Serious Medical Needs

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment, or by the way in which medical care is provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

/////

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  Plaintiff must show a deliberate disregard for a known medical need.  The Ninth Circuit has made clear that a difference of medical opinion is, as a matter of law, insufficient to establish deliberate indifference. *See Toguchi*, 391 F.3d at 1058.  "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Id.* (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

<u>ANALYSIS</u>

Defendant argues that the record demonstrates that: (1) he was not deliberately indifferent to plaintiff's medical needs; and (2) he is entitled to qualified immunity.  The court finds that the undisputed evidence shows that defendant was not deliberately indifferent to plaintiff's medical needs and elects to resolve the motion on that basis.  Thus, it does not reach defendant's qualified immunity arguments.

As noted *supra*, plaintiff testified in his deposition that approximately twenty minutes elapsed between when pepper spray was deployed against him and he was afforded a

1   decontamination shower.  ECF No. 34-3 at 3, ¶ 17; 34-5 at 20 (Pl.'s Dep. at 65:6-18).  Other

2   courts in this circuit have previously found that similarly brief delays in receiving care after being

3   pepper sprayed are insufficient to state a claim for medical deliberate indifference.  *See*, *e.g.*,

4   *Gibson v. Woodford*, No. 1:06-CV-1805-BLW-MHW, 2010 U.S. Dist. LEXIS 12979, at *11

5   (E.D. Cal. Feb. 12, 2010) ("Plaintiff nevertheless contends that medical care was still

6   unreasonably delayed because he waited for over an hour, in pain, in a holding cage before he

7   was examined by medical staff. On the facts of this case, this relatively brief delay did not amount

8   to deliberate indifference . . . . Similar or longer delays are often encountered in emergency rooms

9   across the country under comparable circumstances."); *Logan v. Ross*, No. ED CV 08-00637 DSF

10   (RZ), 2011 U.S. Dist. LEXIS 49360, at *23 (C.D. Cal. Mar. 15, 2011) (holding that "the 20-

11   minute delay in ushering Plaintiff to a shower hardly suggests a knowing, cruel decision by any

12   Defendant to increase Plaintiff's painful pre-shower time.");  *Hernandez v. Wood*, No. 13-cv-

13   05633-YGR (PR), 2016 U.S. Dist. LEXIS 36423, at *71-75 (N.D. Cal. Mar. 18, 2016) (no

14   constitutional violation where decontamination shower was delayed for an hour).  The U.S. Court

15   of Appeals for the Ninth Circuit affirmed the district court's decision in *Hernandez v. Wood* and

16   noted that a one hour delay in decontamination, absent evidence of additional harm, was

17   insufficient to state a claim for deliberate indifference.  731 F. App'x 643, 646 (9th Cir. 2018)

18   (unpublished).  Plaintiff's complaint did allege any specific harm resulting from the delay (other

19   than the obvious discomfort which attends all deployment of pepper spray).[3]

20       Moreover, nothing in the record indicates that defendant consciously disregarded an

21   excessive risk to plaintiff's health.  Within the span of approximately twenty minutes, plaintiff

22   was taken from the site of the altercation to the decontamination shower.  During those twenty

23   minutes, plaintiff was searched, he was questioned, and his injuries were documented.  Perhaps

24   most importantly, he was examined by medical staff, who apparently did not flag any serious

---

25       [3] Plaintiff does add new allegations about subsequent harm in his opposition.  He claims

26   that the delay in decontamination caused him to suffer difficulty sleeping and other, unspecified
    "complications" for approximately one week.  ECF No. 40 at 9.  He also claims that he suffered

27   depression and anxiety as a result thereof.  *Id.*  These allegations were not raised in the operative
    complaint and, thus, the court declines to consider them.  *See, e.g., Pickern v. Pier 1 Imps. (U.S.),*

28   *Inc.*, 457 F.3d 963, 968-969 (9th Cir. 2006).

1    issue or risk to plaintiff's health associated with the pepper spray.  Non-medical staff, like the

2    defendant, are entitled to rely upon the expertise of medical staff.  *See Lemire v. California Dep't*

3    *of Corr. & Rehab.*, 726 F.3d 1062, 1084 (9th Cir. 2013) (non-medical prison staff "did not act

4    with deliberate indifference toward [plaintiff] as they reasonably relied on the expertise of the

5    prison's medical staff") (citing *Johnson v. Doughty*, 433 F.3d 1001, 1010-11 (7th Cir. 2006)).

6    Further, the fact that all of the foregoing was accomplished within twenty minutes also indicates

7    that defendant was not consciously tarrying or slow-walking plaintiff to decontamination.

8                                                CONCLUSION

9            Accordingly, it is RECOMMENDED that:

10           1.  Defendant's motion for summary judgment (ECF No. 34) be GRANTED; and

11           2.  The Clerk be directed to enter judgment for defendants and close the case.

12           These findings and recommendations are submitted to the United States District Judge

13   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

14   after being served with these findings and recommendations, any party may file written

15   objections with the court and serve a copy on all parties.  Such a document should be captioned

16   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

17   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

18   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

19   DATED:  May 6, 2020.

20

21                                          EDMUND F. BRENNAN
                                           UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28